UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE ABRAHAM, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| OMNI CREDIT SERVICES OF FLORIDA, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| | ) |
| Defendant | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

BONNIE ABRAHAM ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OMNI CREDIT SERVICES OF FLORIDA, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Honesdale, Pennsylvania, 18431, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with its principal office located at 4710 Eisenhower Boulevard, Suite B3, Tampa, FL 33634.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

15. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

16. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly owed by her could have only arisen from a financial obligation for primarily personal, family or household purposes.

17. Beginning in January 2013, and continuing through February 2013, Defendant repeatedly and continuously contacted Plaintiff on her home telephone seeking and demanding payment of a consumer debt.

18. During the relevant period, Defendant called Plaintiff, on average, one (1) to four (4) times a day.

19. Most recently, Defendant called Plaintiff four (4) times on February 11, 2013.

20. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent to harass Plaintiff into paying the alleged debt.

21. Additionally, during one of the parties' conversations, Plaintiff told Defendant that she was unable to pay because she was unemployed and instructed Defendant to stop calling her.

22. In response, Defendant's collector stated that it did not care that Plaintiff was unemployed and threatened to keep calling her until she paid the debt.

23. Defendant did in fact continue to call Plaintiff on a repetitive and continuous basis after she instructed them to stop calling.

24. Finally, on at least one occasion, in response to Defendant's constant collection calls, Plaintiff hung up on Defendant only for Defendant to call her back immediately.

25. When calling Plaintiff immediately back after she had hung up on them, Defendant had the intent to annoy, abuse and harass her, as it knew or should have known that its collection calls were unwanted.

## **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

26. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff one (1) to four (4) times a day, even after she requested that it stop, with the intent to annoy, abuse or harass Plaintiff.

## COUNT II

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

   a. A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt, including relentlessly contacting Plaintiff despite having been told that its calls were unwanted and calling her immediately back after Plaintiff had disconnected the call.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BONNIE ABRAHAM, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BONNIE ABRAHAM, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/03/2013           KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com