

ROBERT M. SILVERMAN+*-
CRAIG THOR KIMMEL+-^

+ *Member, PA Bar*
* *Member, NJ Bar*
x *Member, DE Bar*
- *Member, NY Bar*
^ *Member, MA Bar*
# *Member, MD Bar*
♦ *Member, OH Bar*
§ *Member, MI Bar*
□ *Member, NH Bar*
± *Member, CT Bar*
˘ *Member, TN Bar*
µ *Member, WY Bar*
¥ *Member, DC Bar*
¢ *Member, CA Bar*

JACQUELINE C. HERRITT+*#-
ROBERT A. RAPKIN+
ANGELA K. TROCCOLI+□±
FRED DAVIS+*
AMY L. BENNECOFF+*«#µ¢
CHRISTINA GILL ROSEMAN*♦§
RICHARD A. SCHOLER+*
TARA L. PATTERSON+
W. CHRISTOPHER COMPONOVO x
TIMOTHY J. ABEEL, JR.+*
JACOB U. GINSBURG+
JOSEPH L. GENTILCORE+

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877) 788-2864

**DELAWARE**, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
**NEW ENGLAND**, 136 Main Street, Suite 301, Danielson, CT 06239, (860) 866-4380
**NEW JERSEY**, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
**NEW YORK**, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
**W. NEW YORK**, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
**W. PENNSYLVANIA,** 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001

Please reply to CORPORATE HEADQUARTERS

April 4, 2013

**VIA CERTIFIED MAIL**
*7012 3460 0002 0672 4710*

Omni Credit Services of Florida, Inc.
4710 Eisenhower Blvd., St. A2
Tampa, FL 33634

      **Re:**     Bonnie Abraham v. Omni Credit Services of Florida, Inc.
                Docket No. 3:13-cv-00843-UN4

Dear Sir/Madam:

      Enclosed please find a copy of the above-referenced *Complaint* that has been filed against Omni Credit Services of Florida, Inc. in the United States Middle District Court of Pennsylvania.

      A Waiver of Summons form has been included with the complaint. I am requesting that the Waiver of Summons form be signed and returned to me within thirty (30) days to save the costs of serving Omni Credit Services of Florida, Inc. with a judicial summons and an additional copy of the complaint.

      Kindly submit the enclosed documents to your legal department.

                Sincerely,

                */s/ Craig Thor Kimmel*

                CRAIG THOR KIMMEL

CTK/kf
Enclosures

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| BONNIE ABRAHAM <br> *Plaintiff* <br> v. <br> OMNI CREDIT SERVICES OF FLORIDA, INC. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:13-cv-00843-UN4 <br> ) <br> ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: OMNI CREDIT SERVICES OF FLORIDA, INC.
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 04/04/2013

/s/ Craig Thor Kimmel
*Signature of the attorney or unrepresented party*

CRAIG THOR KIMMEL, ESQUIRE
*Printed name*

30 E. Butler Pike
Ambler, PA 19002
*Address*

kimmel@creditlaw.com
*E-mail address*

215-540-8888
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| BONNIE ABRAHAM <br> *Plaintiff* <br> v. <br> OMNI CREDIT SERVICES OF FLORIDA, INC. <br> *Defendant* | ) <br> ) <br> )  Civil Action No.  3:13-cv-00843-UN4 <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  CRAIG THOR KIMMEL, ESQUIRE
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  04/04/2013 , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BONNIE ABRAHAM, )
)
Plaintiff )
)
v. ) Case No.:
)
OMNI CREDIT SERVICES OF ) **COMPLAINT AND DEMAND FOR**
FLORIDA, INC., ) **JURY TRIAL**
)
Defendant ) **(Unlawful Debt Collection Practices)**

## COMPLAINT

BONNIE ABRAHAM ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OMNI CREDIT SERVICES OF FLORIDA, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Honesdale, Pennsylvania, 18431, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with its principal office located at 4710 Eisenhower Boulevard, Suite B3, Tampa, FL 33634.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

15. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

16. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly owed by her could have only arisen from a financial obligation for primarily personal, family or household purposes.

17. Beginning in January 2013, and continuing through February 2013, Defendant repeatedly and continuously contacted Plaintiff on her home telephone seeking and demanding payment of a consumer debt.

18. During the relevant period, Defendant called Plaintiff, on average, one (1) to four (4) times a day.

19. Most recently, Defendant called Plaintiff four (4) times on February 11, 2013.

20. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent to harass Plaintiff into paying the alleged debt.

21. Additionally, during one of the parties' conversations, Plaintiff told Defendant that she was unable to pay because she was unemployed and instructed Defendant to stop calling her.

22. In response, Defendant's collector stated that it did not care that Plaintiff was unemployed and threatened to keep calling her until she paid the debt.

23. Defendant did in fact continue to call Plaintiff on a repetitive and continuous basis after she instructed them to stop calling.

24. Finally, on at least one occasion, in response to Defendant's constant collection calls, Plaintiff hung up on Defendant only for Defendant to call her back immediately.

25. When calling Plaintiff immediately back after she had hung up on them, Defendant had the intent to annoy, abuse and harass her, as it knew or should have known that its collection calls were unwanted.

## **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

26. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

- 4 -

    c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff one (1) to four (4) times a day, even after she requested that it stop, with the intent to annoy, abuse or harass Plaintiff.

## COUNT II

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a. A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt, including relentlessly contacting Plaintiff despite having been told that its calls were unwanted and calling her immediately back after Plaintiff had disconnected the call.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BONNIE ABRAHAM, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BONNIE ABRAHAM, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/03/2013         KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com